IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAVIE C COLE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: **3:12-cv-01185-GPM-PMF** |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant BNSF Railway Company's (Doc. 7) motion for a more definite statement made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the following reasons, the (Doc. 7) motion for a more definite statement is denied.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Such relief applies to a small class of pleadings that, though sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, nonetheless are so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC.,* 10-891, 2011 WL 1465632, 2 (S.D.Ill. April 18, 2011) (quotations omitted) (citing *Vician v. Wells Fargo Home Mortgage*, No. 05–cv–144, 2006 WL 694740, 9 (N.D.Ind. Mar.16, 2006); *Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06–C–1170, 2007 WL 486635, 5 (E.D.Wis. Feb.12, 2007) ("Rule 12(e) motions are generally disfavored and are not intended as a substitute for the normal discovery process.") (brackets and quotation omitted); *Parus v. Cator*, No. 05–C–0063–C, 2005 WL 1458770, 3

1

(W.D.Wis. June 17, 2005) (noting that "Rule 12(e) motions are rarely granted" and that "judges are admonished to exercise their discretion sparingly in ordering more definite statements.")). "Thus, if a plaintiff's complaint is sufficiently definite to enable a defendant to know what is charged, it is sufficient to withstand a Rule 12(e) motion." *Id*. (citations omitted).

Defendant BNSF has filed the instant (Doc. 7) motion for a more definite statement asserting the Plaintiff's complaint has failed "to provide sufficient information for Defendant to respond and/or to enable it to raise defenses or other matters which may be appropriate such as filing a 28 U.S.C. § 1404(a) regarding venue or a Rule 20 motion regarding improper joinder." Doc. 7. The Plaintiffs have responded by claiming that Defendant is using its Rule 12(e) motion for an improper purpose because, under the Federal Rules of Civil Procedure, neither a motion to change venue or a motion attacking joinder is a "responsive pleading" to the Plaintiff's complaint. *See* Doc. 9 (citing FED. R. CIV. P. 7, 8, and 12). The Court agrees. The Plaintiffs' complaint is sufficiently definite to enable Defendant BNSF to know what is charged. The information Defendant BNSF seeks can be acquired by performing some initial discovery.

For the forgoing reasons, Defendant BNSF's (Doc. 7) motion for a more definite statement is denied. Defendant BNSF shall file a responsive pleading to the complaint in accordance with Rule 12(a)(4) of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: January 8, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

2